UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET T. CUCCIA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7240** |
| **FIDELITY NATIONAL INSURANCE COMPANY** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Fidelity National Insurance Company's "Motion for Summary Judgment" is **GRANTED**.  (Document #7.)

### I.  BACKGROUND

On August 29, 2005, Margaret T. Cuccia's property at 4725 Chastant, Metairie, Louisiana, was damaged by flooding from Hurricane Katrina.  Cuccia filed a claim for benefits under a federal Standard Flood Insurance Policy (SFIP), and Fidelity National Insurance Company (Fidelity), her "Write Your Own" flood insurance program carrier, paid Cuccia $88,883.21 for building damage and $100,000 for contents damage.[1]  Cuccia filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging that Fidelity's damage payments were insufficient to cover the flood damage to the

---

[1]   The limits under the policy are $235,700 for the building and $100,000 for contents.

building.

Fidelity removed the case to federal court because the claim is one for benefits paid by the United States Treasury under the National Flood Insurance Program. Fidelity filed a motion for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B. Proof of loss

Fidelity contends that Cuccia is divested of the right to sue because she did not support her claim for further federal benefits under the SFIP by submitting a proof of loss within the extended deadline. Fidelity argues that FEMA's waiver of the requirement of filing a proof of loss applies only when the insured is in agreement with the amount determined by the insurer. Fidelity contends that, because Cuccia, is not in agreement with the amount, she was required to file a timely proof of loss and obtain a determination from the insurer prior to filing suit.

Generally, SFIP policies require an insured asserting a claim to file a proof of loss within

60 days, stating the amount claimed under the policy.  SFIP, ¶ VII(J)(4).  Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, the Federal Emergency Management Agency (FEMA) waived the requirement to file a proof of loss prior to receiving insurance proceeds.  Defendant's exh. A.  Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report.  Id.  If the insured disagreed with the adjuster's report, a proof of loss would be required as follows:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. . . . The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim."

Id.

Courts have strictly enforced the requirement to file a timely proof of loss, holding that failure to timely file a proof of loss in compliance with regulatory requirements is a valid basis for denying a claim.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005).  "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."  Id. at 388.  Provisions of the SFIP must be strictly construed and enforced.  See  Forman v. FEMA, 138 F.3d 543 (5th Cir. 1998).

Cuccia's loss occurred on August 29, 2005.  Because she disagreed with Fidelity's payment of the claim, the proof of loss was due one year from the date of loss.  Fidelity offers the affidavit of Deborah Price, the vice-president of claims for Fidelity, to establish that Cuccia has not filed a proof of loss.  Defendant's exh. C.  Cuccia concedes that she has not filed a proof

of loss. In her opposition, she files a "Temporary Proof of Loss" and requests more time to complete her Proof of Loss.

Cuccia did not file her proof of loss by within one year from the date of the loss, and the time for filing the proof of loss may not be expanded. The court is bound to construe strictly the provisions of an insurance policy issued under a federal program. Accordingly, there are no disputed issues of material fact concerning the filing of the proof of loss, and Fidelity is entitled to judgment as matter of law barring claims for additional payment under the SFIP.

New Orleans, Louisiana, this   18th day of April, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**